# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**MARK NEWBY, ET. AL.,**                                **CASE NO. 1:05-mc-72**
                                                        **(Weber, Sr. J.; Hogan, M.J.)**
    **PLAINTIFFS**                  **(Case No. H-01-3624, S.D. Tex)**

    **VS.**

**ENRON CORPORATION, ET AL.,**
    **DEFENDANTS**


## ORDER

Before the Court is the Motion to Quash (Doc. 1) , filed by non-party Jim Brown, presently the General Manager of Commodities Accounting with Cinergy Corporation and formerly an accountant with Defendant, Enron Corporation.  Also before the Court is the Motion to Compel Mr. Brown's deposition (Doc. 3) filed by Defendant Credit Suisse First Boston, and Mr. Brown's reply memorandum in support of his Notion to Quash.  (Doc. 6).  Mr. Brown asserts that requiring him to be deposed on October 5, 6 and 7, 2005 is an "undue burden" because his obligation to his current employer, to file a third quarter accounting analysis with the Securities and Exchange Commission, can only be performed during the week of October 4, 2005.  The Court is more understanding of the predicament facing Cinergy than it is of the problem facing Mr. Brown.

Mr. Brown was served with a subpoena in mid-August, 2005.  The subpoena was issued by counsel for Defendant, Credit Suisse First Boston, LLC (First Boston) and required Mr. Brown to appear on October 5-7, 2005 at the offices of Porter Wright Morris & Arthur, LLP in Cincinnati, Ohio.  Although Defendant First Boston made some attempts to subpoena Mr. Brown in Houston, Texas, where he previously lived, and made a telephone contact with Mrs. Brown, the Court cannot conclude that Mr. Brown was evading service simply because First Boston's attempts were unsuccessful.  It is equally plausible that Mr. Brown's home address was in transition and that Mrs. Brown had other things on her mind.  The point, however, is that Mr. Brown had adequate notice in mid-August, 2005 that his deposition was about his experiences at Enron and that it was to take

place in approximately six weeks.

Mr. Brown's Motion to Quash was filed on September 2, 2005, and without an attempt to meet and confer with counsel for First Boston.  Had such a meeting taken place, it is likely that alternative dates for Mr. Brown's deposition could have been selected and a crisis averted. According to the deposition protocol applicable to this case, the parties have until November 30, 2005, to complete depositions, and according to counsel for First Boston, there are no more times available for contiguous three-day depositions.  Although Mr. Brown needed some time after mid-August, 2005 to confer with counsel and decide whether to assert his Fifth Amendment privilege against self-incrimination, the Court takes as true the un-rebutted statement of counsel for First Boston that rather than discuss alternative dates for his deposition, Mr. Brown's position was that he "just doesn't want to do this."  While we are not prepared to call Mr. Brown dilatory, we are prepared to say that he made the decision to avoid being deposed when he had the opportunity to reschedule his inevitable deposition.  That decision on Mr. Brown's part should not be permitted to impact the rights of other parties.  Therefore, Mr. Brown's deposition should occur as per the terms of the subpoena.

A second issue concerns the scope and time of Mr. Brown's deposition.  Mr. Brown argues that his testimony should be restricted to two transactions, known as "Project Nile" and "Raptor III," issues for which First Boston is primarily interested.  First Boston argues that other parties have the right to question Mr. Brown on topics outside the scope of these two transactions.  In this respect, Section VIII of the Deposition Protocol Order requires that all parties intending to examine a Category One deponent shall serve, not later than 4 business days before a deposition, via the ESL3624.com website, a non-binding description of the specific deals or transactions that may be inquired about.  Counsel for Mr. Brown represents that there has been no such notice provided. While we understand that the description of the transactions are "non-binding," the purpose is to allow the deponent to prepare.  When no transactions are described, rather than some or even most, the deponent may reasonably assume that his deposition is restricted to the topics listed in First Boston's Memorandum in Opposition to Brown's Motion to Quash.  While counsel for First Boston would prefer to have us restrict the time, rather than the scope of Mr. Brown's deposition, we find that in restricting the scope of the deposition, we are, of necessity, restricting the time also.

Mr. Brown may therefore be deposed on October 6, 2005 at 1:00 P.M. and his deposition shall reconvene at 8:00 A.M. on October 7th and end at 5:00 on October 7th.

Lastly, First Boston seeks an award of attorney fees and expenses for having to defend against Brown's Motion to Quash and file its own Motion to Compel.  We disagree that Mr. Brown has been either dilatory or evasive.  What we did say was that Mr. Brown, faced with a decision to either be deposed on an alternate date or attempt to avoid being deposed at all, simply made the incorrect choice.  Further, because of the looming deposition deadline and the rate at which deposition dates remained available, time was of the essence.  We do not regard such a situation as requiring a sanction other than the increased anxiety and loss of sleep that of necessity accompanied this unfortunate choice.

**IT IS THEREFORE ORDERED** that Mr. Brown appear for his deposition on October 6, 2005 at 1:00 P.M. and again on October 7th at 8:00 A.M.  The depositions shall end at 5:00 each day.  The deposition is restricted to the "Project Nile" and Raptor III transactions.  Brown's Motion to Quash and First Boston's Motion to Compel are both granted in part and denied in part in accordance with this Order.


s/Timothy S. Hogan

October 4, 2005                          _____

                                        Timothy S. Hogan
                                        United States Magistrate Judge